IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wendy Marie Parsons | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | No. 1517 C.D. 2023 |
| Appellant | : | Submitted: February 4, 2025 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                        FILED:  March 5, 2025

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the Allegheny County Common Pleas Court's (trial court) November 16, 2023 order sustaining Wendy Marie Parsons' (Licensee) appeal from DOT's one-year suspension of her driving privileges pursuant to Section 1547 of the Vehicle Code.[1]  DOT presents one issue for this Court's review: whether the trial court erred as a matter of law by holding that Licensee satisfied her burden of proving that she was incapable of making a knowing and conscious decision to refuse chemical testing.  After review, this Court reverses.

---

[1] 75 Pa.C.S. § 1547.  Section 1547(b) of the Vehicle Code, commonly known as the Implied Consent Law, sets forth the civil penalties for a driver arrested for driving while under the influence of alcohol who refuses to submit to chemical testing.

On October 14, 2022, at approximately 8:00 p.m., Pleasant Hills Police Department Sergeant James Lauso (Sergeant Lauso) received a radio call about a vehicle accident. *See* Reproduced Record (R.R.) at 16a. When he arrived at the accident scene, Sergeant Lauso observed Licensee's vehicle in a ditch adjacent to the highway with the engine running and Licensee in the driver's seat unable to get out of the vehicle.[2] *See id.* There were no other occupants in the vehicle. *See* R.R. at 18a. Sergeant Lauso extricated Licensee from the vehicle and an ambulance transported her to the hospital. *See* R.R. at 16a. When Sergeant Lauso interviewed Licensee as she was getting into the ambulance, he noticed that her eyes were bloodshot. *See* R.R. at 16a, 19a. He also recalled Licensee stating that she had been at the Monkey Bar since about 3:00 p.m. having some drinks and eating, and she was on her way home to West Mifflin. *See* R.R. at 19a. Sergeant Lauso further observed that Licensee had slurred speech, unsteady balance, and smelled of alcohol. *See* R.R. at 16a. He placed Licensee under arrest for driving while under the influence of alcohol (DUI). *See* R.R. at 21a. Sergeant Lauso added that Licensee represented that she was not injured, and he confirmed that he did not see any injuries. *See* R.R. at 23a.

Sergeant Lauso read Licensee the DL-26 Form[3] in its entirety at the hospital emergency room. *See* R.R. at 19a-20a. Licensee consented to a blood draw and signed the DL-26 Form, and medical personnel evaluated her. *See* R.R. at 20a. After a time lapse, when the nurse came to take Licensee's blood draw, the nurse

---

[2] Sergeant Lauso observed a video taken from an ambulance unrelated to the incident that was travelling where the accident occurred and filmed it. He testified that the video showed Licensee's vehicle travel northbound in the southbound lanes, hit a tension pole, bounce off from that, travel in reverse over five lanes of traffic, and exit the road into the ditch. *See* R.R. at 17a-18a.

[3] DOT promulgated the DL-26 Form, which sets forth the prescribed language of the warning law enforcement is to give motorists arrested for DUI that details the penalties for refusing chemical tests. Law enforcement uses the DL-26 Form to comply with the requirements of the Implied Consent Law during DUI arrests.

informed Sergeant Lauso that Licensee had questions. *See id*. Sergeant Lauso reminded Licensee that he had already read the DL-26 Form to her and she consented. *See id*. When Sergeant Lauso again asked Licensee if she was going to consent to chemical testing, she responded: "No, no." R.R. at 21a.

On October 27, 2022, DOT mailed Licensee an Official Notice of Suspension of Driving Privilege (Notice) informing her that DOT had suspended her driving privileges for a one-year period, effective December 1, 2022, because she had refused a chemical test on October 14, 2022. On November 22, 2022, Licensee timely appealed from the Notice to the trial court. On November 16, 2023, the trial court conducted a hearing on Licensee's appeal. That same date, the trial court sustained Licensee's appeal and rescinded the license suspension. DOT appealed to this Court.[4]

On January 12, 2024, the trial court directed DOT to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). On January 26, 2024, DOT filed its Rule 1925(b) Statement. On April 22, 2024, the trial court filed its opinion. Therein, the trial court stated:

> Although it can be deemed a refusal when a motorist is unconscious from suspected alcohol consumption, and thus unable to consciously refuse to submit to a chemical blood test, here [Licensee] testified that she had a concussion from the accident and [the trial c]ourt found this testimony to be credible. Therefore, [the trial c]ourt sustained [Licensee's] statutory appeal.

Trial Ct. Op. at 3.

---

[4] This Court's "review is limited to determining whether [the trial court] committed an error of law, whether [the trial court] abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

3

DOT argues that the trial court erred as a matter of law by holding that Licensee satisfied her burden of proving that she was incapable of making a knowing and conscious decision to refuse chemical testing.[5]

Initially,

> [t]o support the suspension of a licensee's operating privilege under the Implied Consent Law, []DOT has the burden to prove that the licensee (1) was arrested for DUI by a police officer who had "reasonable grounds to believe" that the licensee was operating or in actual physical control of the movement of a vehicle while under the influence of alcohol or a controlled substance; (2) the licensee was asked to submit to a chemical test; (3) the licensee refused to do so; and (4) the licensee specifically was warned that a refusal would result in the suspension of [her] operating privilege. **After []DOT meets this burden**, **the burden of proof then shifts to the licensee to prove that** [s]he (1) **was not capable of making a knowing and conscious refusal**; or (2) was physically incapable of performing the chemical test.

*Curry v. Dep't of Transp., Bureau of Driver Licensing*, 318 A.3d 1012, 1019 (Pa. Cmwlth. 2024) (emphasis added; citation omitted).

> The determination of whether a licensee was *capable* of making a knowing and conscious refusal to [sic] chemical testing is a factual one for the trial court. The trial court's finding in this regard must be affirmed on appeal **if** sufficient record evidence supports it. **A** [**licensee's**] **own self-serving testimony that he or she was not capable of providing a knowing and conscious refusal will not satisfy his or her burden to prove incapacity**. Rather, unless a licensee suffers from an obvious, incapacitating disability, **the licensee must introduce competent and unequivocal medical evidence to establish incapacity**, **which evidence must rule out alcohol as a contributing factor**.

*Id*. at 1022-23 (bold emphasis added; citations omitted).

---

[5] Licensee did not submit a brief to this Court.

Here, Licensee testified:

Q. Now, on October 14th of 2022, did you have occasion to get involved in an accident? October 14th, 2022. Were you involved in an accident?

A. Apparently, yes.

Q. All right. Do you have any specific recall of that particular accident?

A. None.[6]

Q. All right. Do you recall ending up in a hospital?

A. Yes.

Q. All right. And were you diagnosed with a concussion?

A. Yes.

Q. I'm going to show you what's marked as [Licensee's] Exhibit 3. And when were you diagnosed with -- would that have been November 7th?

A. Yes.

Q. Okay. Are you in concussion protocol still now?

A. Yes.

R.R. at 38a-39a. Clearly, Licensee's testimony that she was diagnosed with a concussion 24 days after the accident is not "competent and unequivocal *medical evidence* to establish incapacity"[7] at the time she refused chemical testing on October 14, 2022. *Curry*, 318 A.3d at 1023 (emphasis added). Because Licensee did not

---

[6] Licensee testified on cross-examination: "I have no recollection of leaving the bar." R.R. at 45a.

[7] Licensee's attorney presented Licensee's unauthenticated medical records from the night of the accident, which the trial court accepted into evidence over DOT's objection. The submitted records showed Licensee had a blood alcohol level of .263. *See* R.R. at 63a, 67a, 68a. Assuming, *arguendo*, that they were not hearsay, the records themselves did not indicate that Licensee "was not capable of providing a knowing and conscious refusal[,]" and certainly did not constitute evidence "which . . . rule[s] out alcohol as a contributing factor." *Curry*, 318 A.3d at 1023.

present "competent and unequivocal medical evidence to establish incapacity[,]" *id.*, she did not meet her burden of proving that she "was not capable of making a knowing and conscious refusal." *Id.* at 1019. Accordingly, the trial court erred by concluding otherwise.

For all of the above reasons, the trial court's order is reversed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendy Marie Parsons          :
          :
          v.            :
          :
Commonwealth of Pennsylvania,     :
Department of Transportation,     :
Bureau of Driver Licensing,      :   No. 1517 C.D. 2023
            Appellant    :

## O R D E R

AND NOW, this 5th day of March, 2025, the Allegheny County Common Pleas Court's November 16, 2023 order is reversed.

_____
ANNE E. COVEY, Judge